ELEZABETH S. FISHER et al. *v.* JACOB F. QUICK et al.,
Executors of John P. Quick.

A complainant cannot be permitted to have his bill dismissed without costs, unless by the consent of the defendant in open court, or by agreement in writing.

*R. S. Field* and *W. L. Dayton*, for complainants.

*P. D. Vroom*, for defendants.

THE CHANCELLOR. It is now moved, on behalf of the complainants, for leave to dismiss their bill, without costs.

The defendants object to the motion. A complainant cannot be permitted to have his bill dismissed without costs, unless by the consent of the defendant in open court, or by agreement in writing.

In the case of *Fidelle* v. *Evans*, 1 *Brown's Reports* 267, there was an agreement in writing between the parties that the bill should be dismissed, without costs. The court thought they could not make an order to dismiss without costs but upon consent in open court, and gave a rule to dismiss, *unless cause* should be shown to the contrary.

It has been the practice of this court to grant such order upon the written consent of the parties. But I have been unable to ascertain any case where this court has allowed such motion, unless upon consent in court, or on filing an agreement of the parties to that effect.

In an anonymous case in 1 *Ves., Jr.*, 140, on a motion on the part of the plaintiff to dismiss his bill without costs, the Lord Chancellor said, "I am afraid it is beyond the course of the court ; you may set down a cause upon a bill and answer, and either have a decree, or have the bill dismissed with or without costs, according to the justice of the case. Though they do not appear to oppose it, yet if they do not appear to

consent, you are in as bad a way ; you may dismiss your bill, with costs, if you please."

In that case, the bill was an injunction bill to restrain the defendants from taking judgment at law, and for delivering up deeds to be canceled. The complainant was entitled to his decree had he chosen to follow up his suit, but he had accomplished his object in a more summary way in the Court of King's Bench.

In 1 *Ves., Jr.*, 402, on like motion, the Lord Chancellor " refused the motion immediately, saying he could not conceive a case in which a plaintiff could dismiss his bill without costs ; that to dismiss it with costs was a motion of course, but that he could not then dismiss it without consent."

I am not aware that, in our practice, there has been any departure from these authorities.

This case is before the court under very peculiar circumstances. It is unnecessary for me to go into detail, as those circumstances are well understood by the counsel on both sides.

The complainants may take their account under their interlocutory decree, which they have already obtained, and which has been affirmed in the Court of Errors, and then set down their cause for final hearing.

It does not follow that because I may refuse the complainants a final decree, and order their bill dismissed, that they will be ordered to pay the costs. That will be a matter for the discretion of the court, to be exercised under all the circumstances of the case.

It is proper, perhaps, under my present impressions, to advise the defendants to consent to the motion, upon the complainants stipulating not to prosecute the subject matter of the bill in another shape.